NOT FOR PUBLICATION

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____
                                          )
PLAINTIFF NO. 1, *et al.*,                )
                                          )
            Plaintiffs,                   )        No. 20-454C
                                          )
      v.                                  )        Filed: April 9, 2021
                                          )
THE UNITED STATES,                        )
                                          )
            Defendant.                    )
_____   )

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Unopposed Motion for Conditional Certification and Notice. *See* Pls.' Unopposed Mot. Conditional Cert. & Notice, ECF No. 39 (public version).  Plaintiffs are two Supervisory Investigative Specialists ("SIS") employed by the Federal Bureau of Investigation ("FBI") at the GS-12 paygrade level who are bringing this suit on behalf of at least 185 similarly situated employees.  *Id.* at 1.  Plaintiffs allege that the FBI misclassified them as "exempt" under the Fair Labor Standards Act ("FLSA") and did "not pa[y] for their overtime hours at the FLSA-required rate."  *Id.* at 2.  They further allege that they "were expected to work outside of their assigned shifts for the week and not compensated for all overtime hours worked."  *Id.*

Pursuant to § 216(b) of the FLSA, Plaintiffs seek "conditional certification for all past or present FBI employees who occupied the [SIS] position at a GS-12 paygrade between December 15, 2017, and the present, and who worked in excess of forty hours per week while so employed."  *Id.* at 1.  Additionally, Plaintiffs seek the Court's authorization of the notice to be sent to potential class members.  *Id.*

For the reasons set forth below, the motion is **GRANTED**.

# I.  LEGAL STANDARD

Section 216(b) of the FLSA allows "one or more employees for and in behalf of himself or themselves and other employees similarly situated" to "maintain[] [a collective action] against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).  "No employee[, however,] shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."[1]  *Id.*  "The threshold requirements governing an FLSA collective action are those described above, *viz.*, plaintiffs must be similarly situated, and they must opt in to the proposed action through the filing of consent."  *Boggs v. United States*, 139 Fed. Cl. 375, 377 (2018) (citing *Hunter v. Sprint Corp.*, 346 F. Supp. 2d 113, 117 (D.D.C. 2004)).

Although § 216(b) is silent on the specific process of certifying a collective action, *see Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170–72 (1989), this court along with most other courts have now adopted a two-step approach in deciding the propriety of certification, *see Boggs*, 139 Fed Cl. at 378 (collecting cases); *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009) (same).  "The two-step approach to certification involves a preliminary determination of whether the plaintiffs were subject to a common employment policy or plan, and then, after discovery, an opportunity for the defendant to decertify the collective action on the ground that the plaintiffs are not in fact similarly situated."  *Whalen*, 85 Fed. Cl. at 383 (citing *Cameron-Grant v. Maxim Healthcare Servs.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003); *Heckler v. DK Funding*, 502 F. Supp.

---

[1]  Collective actions under the FLSA are unlike class actions subject to the requirements of Rule 23 of the Rules of the United States Court of Federal Claims (or the counterpart provision of the Federal Rules of Civil Procedure), *i.e.*, numerosity, commonality, typicality, and representativeness.  *Whalen v. United States*, 85 Fed. Cl. 380, 383 (2009); *see also Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 74 (2013) ("Rule 23 actions are fundamentally different from collective actions under the FLSA" (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 177–78 (1989) (Scalia, J., dissenting))).

2d 777, 779 (N.D. Ill. 2007)).  At this preliminary stage, Plaintiffs' burden is low.  *Barry v. United States*, 117 Fed. Cl. 518, 521 (2014).  They "need only 'make a "modest factual showing,"' based on 'the pleadings, affidavits, and other available evidence,' that potential class members are 'similarly situated.'"  *Id.* (quoting *Gayle v. United State*s, 85 Fed. Cl. 72, 77 (2008)).  As the Supreme Court has explained, "similarly situated" potential class members "share 'common issues of law and fact arising from the same alleged [prohibited] activity.'"  *Id.* (alteration in original) (quoting *Hoffmann-La Roche*, 493 U.S. at 170).  In resolving a conditional certification request, however, "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations."  *Gayle*, 85 Fed. Cl. at 77 (quoting *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)).

## II.  DISCUSSION

### A.    Conditional Certification

The Court finds that Plaintiffs have met their low evidentiary burden and made the "modest factual showing" that the proposed collective action members are similarly situated.  *Barry*, 117 Fed. Cl. at 521.  Conditional certification is thus appropriate in this matter.  The proposed class of plaintiffs occupy the same job position (SIS), sharing the same paygrade (GS-12), at the same agency (FBI) during the same period (December 15, 2017 to present).  *See Doe No. 1 v. United States*, 143 Fed. Cl. 113, 116 (2019) (certifying conditionally a collective action of current and former FBI employees who occupied the same position and job series under the General Schedule, *i.e.*, Staff Operations Specialist); *Plaintiff No. 1 v. United States*, 139 Fed. Cl. 440, 442 (2018) (certifying conditionally a collective action of current and former FBI employees who occupied the Investigative Specialist position at the GS-11 paygrade).  Plaintiff has submitted the FBI position description form applicable to all Grade 12 SIS, which indicates FBI's classification of

3

such position as FLSA-exempt.  *See, e.g.*, Decl. Pl. No. 1, Ex. A at 9, ECF No. 36 (redacted public version).  Additionally, Plaintiffs, who have held SIS positions since March 2010 and March 2017, respectively, assert based on their experience with and observations of SIS assigned to other FBI field offices that "an SIS's job duties, and how they differ—or really, that they hardly differ—is generally uniform throughout every FBI field office in the country," ECF No. 36 ¶ 15.  *See id.* ¶¶ 4–5; *see also* Decl. Pl. No. 2 ¶¶ 4–5, 14, ECF No. 37 (redacted public version).  These job duties allegedly include SIS performing tasks identical to non-supervisory Investigative Specialists and "off the clock" work (such as responding to emails and drafting reports) outside of normal business hours.  *See* ECF No. 36 ¶¶ 9–12, 16; ECF No. 37 ¶¶ 9–11, 15.

Given the occupational uniformity, Plaintiffs have adequately shown, for purposes of conditional certification at this preliminary stage, that proposed plaintiffs are "subject to a common employment policy or plan," *Whalen*, 85 Fed. Cl. at 383, and "share common issues of law and fact arising" from their alleged misclassification as FLSA-exempt and inadequate compensation for overtime hours worked, *Barry*, 117 Fed. Cl. at 521 (citation and internal quotation marks omitted).  Moreover, while Defendant disputes the facts alleged by Plaintiffs and denies liability, Defendant does not oppose conditional certification "in light of the minimal factual showing required solely of [P]laintiffs at this stage of proceedings."[2]  ECF No. 39 at 13.  Accordingly, the Court will conditionally certify this collective action.

---

[2] Defendant would argue for a shorter limitation period than December 15, 2017 to present based on its view of the law and facts, but the parties propose to address this "dispute in separate motions practice that need not delay this motion for conditional certification."  ECF No. 39 at 1 n.1.

**B.     Notice**

The Supreme Court has recognized that a court may supervise the collective action notice process through approval of the notice and notice procedures.  *See Hoffmann-La Roche*, 493 U.S. at 170–71 ("[T]he court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way.").  Indeed, under the FLSA, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees" in order to facilitate the opt-in process. *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (citing *Hoffman-La Roche*, 493 U.S. at 171–72).  A court's supervision of the notice process, however, must not impugn its "judicial neutrality" in the action.  *Hoffman-La Roche*, 493 U.S. at 174 (instructing that "trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action").

Plaintiffs represent that the parties have agreed to the notice attached as Exhibit A to their motion.  *See* ECF No. 39 at 11.  The Court is satisfied that the proposed notice avoids the appearance of judicial endorsement of the merits of the action by conspicuously representing toward the beginning of the notice that "THE COURT HAS TAKEN NO POSITION IN THIS CASE REGARDING THE MERITS OF EITHER PLAINTIFFS' CLAIMS OR DEFENDANT'S DEFENSES." *See* ECF No. 39, Ex. A at 15; *Hoffman-La Roche*, 493 U.S. at 174.  Moreover, the proposed notice (1) informs potential plaintiffs that they may be deposed or required to testify in court, (2) outlines the arrangements for attorneys' fees and costs, and (3) advises potential plaintiffs that they have the right to be represented by an attorney of their choice.  *See* ECF No. 39, Ex. A at 17; *Boggs*, 139 Fed. Cl. at 379 (authorizing proposed notice that "informs potential plaintiffs that they may be deposed or required to testify, sets out the arrangements for attorneys' fees and costs, and notifies potential plaintiffs that they have the right to be represented by an

attorney of their choice" (citing *Salomon v. Adderley Indus.*, 847 F. Supp. 2d 561, 566–67 (S.D.N.Y. 2012))).  The proposed notice also informs potential plaintiffs how to participate in the litigation, if they so choose, and directs potential plaintiffs not to contact the Court with questions about the litigation.  *See* ECF No. 39, Ex. A at 17, 18; *see Gayle*, 85 Fed. Cl. at 81 (mandating revisions to a proposed notice to include such information and direction); *Whalen*, 85 Fed. Cl. at 389 (same).

The Court also approves of the following notice procedure as devised and agreed upon by the parties:

> Subject to an agreed upon protective order, Defendant will provide plaintiffs' counsel the names, external work email addresses, and postal home addresses of potential plaintiffs within 20 days of the date the Court enters an order granting this motion.  Plaintiffs' counsel - using a third-party administrator ("TPA") - will then promptly send the notice to potential plaintiffs, by email and first-class mail, within fourteen days of receipt of the contact information from defendant.  The notice will require consents be returned by no later than 90 days from the date the notice is mailed.

> The mailings, both by first-class mail and by email, will contain only the Court-approved notice and no other language.  The subject line of the email will be "Legal Notice of Collective Action and Opportunity to Join."  The envelope sending the mailed notice to postal addresses (along with an enclosed stamped return envelope addressed to the TPA) will have printed on the outside "Legal Notice of Collective Action and Opportunity to Join."

> To the extent the notice is returned to sender as undeliverable to potential plaintiffs' email or postal addresses, then if necessary, the parties will confer within no more than five business days of Plaintiffs' counsel so notifying Government counsel.

> After this initial notice is sent once by email and first-class mail, Plaintiffs' counsel, through the TPA, may send a second notice by first-class mail to potential plaintiffs from whom they have not received a consent form approximately one month before the response date for receipt of consent forms.  This second notice must be identical to the first notice, except with respect to the number of plaintiffs who have filed consent forms with the Court.  Likewise, for potential plaintiffs whose mailed notices were returned as undeliverable and who have not returned a consent form, Plaintiffs' counsel, through the TPA, may send a second identical notice via email if efforts to obtain a correct mailing address are unsuccessful.  However, both for the purposes of settlement and potential recovery of costs, Plaintiffs will bear all

the cost and expense of sending a second postal mailing or email, which will not be reimbursed by the United States. Any second notice shall not extend the response date, which shall remain the date set forth in the initial notice.

Plaintiffs' counsel will file notices with the Court within 5 days of the first and second mailings that advise the Court and Defendant when the notices were sent, confirms the response date, and attaches copies of the as-sent notices. Plaintiffs shall timely file consents to opt-in with the Court and, in any event, all consents to opt-in must be filed no later than 10 days after the response date.

ECF No. 39 at 11–12.

## III.  CONCLUSION

Accordingly, for the foregoing reasons, the Court **ORDERS** that:

- Plaintiffs' Unopposed Motion for Conditional Certification and Notice is **GRANTED**;

- The proposed notice agreed upon by the parties and attached as Exhibit A to the motion is **APPROVED**; and

- The proposed procedures by which that notice will be delivered to potential plaintiffs, as agreed upon by the parties and reproduced in this Order, are **APPROVED**.

**SO ORDERED**.


Dated: April 9, 2021                                    */s/ Kathryn C. Davis*
                                                        KATHRYN C. DAVIS
                                                        Judge

7